UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM R. BUSTER, | 1: 06 CV 01871 LJO  WMW  HC |
| Petitioner, | MEMORANDUM OPINION AND ORDER RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | [Doc. 18] |
| KNOWLES, | ORDER DENYING CERTIFICATE OF APPEALABILITY |
| Respondent. / | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254.  Pending before the court is Respondent's motion to dismiss.

**PROCEDURAL HISTORY**

On July 23, 2001, Petitioner was convicted of mayhem and assault with a deadly weapon, with further findings on two sentence enhancements, i.e., that he had been armed with a knife and that he had caused great bodily injury.  After a court trial, prior serious felony convictions for

1

robbery and burglary, both on June 21, 1991, were found true. The court sentenced Petitioner to state prison for an aggregate term of thirty-eight years to life in state prison. This sentence was calculated as twenty-five years to life for assault with a deadly weapon, plus three years for the great bodily injury plus two five-year enhancements (Cal.Penal Code § 667(a)(1)) for the prior robbery and burglary convictions.

On direct appeal, the California Court of Appeal, Fifth Appellate District ("Court of Appeal") struck one five-year enhancement from the sentence, because the two prior convictions had not been "brought and tried separately," as the statute requires. The court affirmed the judgment and sentence in all other respects. The California Supreme Court denied Petitioner's petition for review on January 28, 2004. The Stanislaus County Superior Court filed the amended abstract of judgment on February 27, 2004.

Petitioner filed the following pro se post-conviction collateral challenges:

First Petition

    May 6, 2004   Petition for writ of habeas corpus filed in Stanislaus County Superior Court
    June 25, 2004  Petition denied

Second Petition

    August 3, 2004 Petition for writ of habeas corpus filed in Stanislaus County Superior Court
    September 15, 2004   Petition denied

Third Petition

    March 9, 2005   Petition for writ of habeas corpus filed in Court of Appeal
    June 16, 2005  Petition denied

Fourth Petition

    October 26, 2005   Petition for writ of habeas corpus filed in California Supreme Court
    August 2, 2006         Petition denied

Petition filed the present petition on December 13, 2006.

**LEGAL STANDARD**

JURISDICTION

2

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Stanislaus County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth

Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

## DISCUSSION

Respondent moves to dismiss this petition on the ground that it is barred by the statute of limitations. Petitioner opposes the motion.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

4

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[1] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); see also Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court. Id. at 1005. The limitations period does not, however, toll for the time during which a petition for writ of habeas corpus is pending in federal court. Duncan v. Walker, 121 S.Ct. 2120 (2001).

The U.S. Supreme Court decided in Carey v. Saffold, 122 S.Ct. 2134 (2002) that under California's collateral review process, the intervals between a lower court decision and the filing of a new petition in a higher court are within the scope of the statutory word "pending." Id. at 2140. Thus, as in Nino v. Galaza, tolling occurs during the intervals between petitions in the state courts. The Supreme Court examined this principle in light of California's unique original writ system

---

[1] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See Nino, 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See id.

5

1  where the timeliness of a petition is determined according to a "reasonableness" standard. Carey v.
2  Saffold, 122 S.Ct. at 2139.  Thus, the California Supreme Court's denial of the petition "on the
3  merits and for lack of diligence" cannot, by itself, indicate that a petition is timely under California's
4  reasonableness standard. Id. at 2141 (explaining that there are a variety of reasons why the California
5  Supreme Court may have included the words "on the merits," and therefore those words cannot by
6  themselves indicate that the petition was timely).  The Court further explained that had the California
7  Supreme Court "clearly ruled that Saffold's 4 ½ – month delay was 'unreasonable,' that would be the
8  end of the matter" and the petition would not be pending for purposes of tolling. Id. at 2141.  In
9  other words, where a California prisoner delayed "unreasonably" in seeking further review of his
10 petition, he is not entitled to tolling under § 2244(d)(2). Saffold was remanded back to the Ninth
11 Circuit to determine whether Saffold's 4 ½ month delay between state habeas petitions was
12 unreasonable and therefore, insufficient for statutory tolling. Id.

13     A judgment, if appealed, becomes final when the United States Supreme Court denies a
14 petition for writ of certiorari, or when the time to file a petition for writ of certiorari expires, which is
15 ninety days after the state court denies discretionary review. Bowen v. Roe, 188 F.3d 1157, 1158-60
16 (9th Cir. 1999).  In this case, the court agrees with Respondent that because the California Supreme
17 Court denied review on January 28, 2004, the judgment against Petition became final ninety days
18 later, on April 28, 2004.  The one-year limitations period started running the next day, April 29,
19 2004, and absent tolling, expired on April 27, 2003.

20     Respondent concedes that Petitioner is entitled to statutory tolling during the time his first
21 and second state habeas corpus petitions were pending. Thus, Respondent agrees that Petitioner is
22 entitled to tolling of fifty-one days on the first petition and forty-four on the second petition.

23     On March 9, 2005, almost six months after his second superior court petition was denied,
24 Petitioner filed a petition for writ of habeas corpus in the state appellate court.  This petition was
25 denied on June 16, 2006.  Respondent concedes that Petitioner is entitled to tolling for a hundred
26 days while this petition was pending.  He argues, however, that Petitioner is not entitled to tolling
27 during the period before this petition was filed.  The court must agree. See Evans v. Chavis, 546
28

U.S. 189, 201 (2006)(unexplained delay of six months during interval between lower court's denial of state habeas petition and filing of notice of appeal from that decision could not be "reasonable" under state law, therefore state habeas petition was not considered to be "pending" for purposes of AEDPA's limitations period.)

Finally, on October 26, 2005, Petitioner filed his petition in the California Supreme Court more than four months after the Court of Appeal denied his petition.  The petition was denied on August 2, 2006.  Respondent concedes that Petitioner is entitled to statutory tolling for the 281 days that this petition was pending before the California Supreme Court, but argues that he is not entitled to tolling during the time before he filed the petition on October 26, 2005.  The court must again agree.  See Evans v. Chavis, 546 U.S. at 201.

Adding together the above tolling segments, Petitioner is entitled to 476 days of statutory tolling.  Thus, the expiration of his statute of limitations is extended from April 29, 2005, to August 17, 2006.  Petitioner, however, did not file the present petition until December 13, 2006.  The court finds that the petition is therefore untimely and, absent equitable tolling, is barred by the statute of limitations.

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time.  Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert denied, 522 U.S. 814, 118 S.Ct. 60, 139 (1997); Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283,1288 (9th Cir.), overruled in part on other grounds by, Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc) (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999), citing Kelly, 163 F.3d at 541; Beeler, 128 F.3d at 1288-1289.

Petitioner's claims of ignorance of the law and illiteracy are insufficient to justify equitable tolling.  See, e.g., Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999); Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991).  Further, Petitioner is only entitled to a reasonably adequate opportunity to present his claims to the courts, see, Lewis v.  Casey, 518 U.S. 343, 351, 116 S.Ct. 2174 (1996), not to the assistance of someone trained in the law.  Id. at 356, 360.   The court concludes, therefore, that Petitioner is not entitled to equitable tolling in this case.

Petitioner may seek to appeal from the judgment of the court in this case.  Petitioner cannot proceed on such an appeal absent a certificate of appealability.  The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In the present case, the court finds no denial of a constitutional right.  Accordingly, a certificate of appealability will be denied.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1)    Respondent's motion to dismiss is GRANTED;

2)    A certificate of appealability is DENIED;

3)    Petitioner's motion for reconsideration of appointment of counsel is DENIED [Doc. 24];

4)   This petition for writ of habeas corpus is DISMISSED as barred by the statute of limitations;

5)   The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

**Dated:   March 6, 2008**                       /s/ **Lawrence J. O'Neill**
                                                       UNITED STATES DISTRICT JUDGE